IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RUFFUS GRAY,
ADC #141375                                                                                           PLAINTIFF

v.                                             5:08CV00128JMM/HLJ

CLARK COUNTY JAIL, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on defendant Newburn's motion for summary judgment (DE #74).[1] Plaintiff filed a response in opposition to the motion (DE #80).

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his Constitutional right to medical treatment while incarcerated at the Clark County Jail from February 1, 2008 until April 17, 2008. Specifically, plaintiff alleges defendant Newburn waited until his prescriptions ran out before ordering refills, which caused him to be without his pain medication. He also alleges defendant sometimes forgot to provide access to his medications to guards who worked on the weekends, and alleges a denial of medication for fifteen-twenty days of his incarceration at the Jail. Plaintiff asks for monetary relief from the defendants.

---

[1] Defendants Mehta, Kittrell and Blackmon were previously dismissed. Defendant Dr. Mocovich has not yet been served.

## II.  Summary Judgment Motion

### A.  Defendant's Motion

In support of the motion, defendant states that plaintiff's complaint fails to support a constitutional claim against her, because he fails to allege a serious medical need or a specific injury suffered from defendant's allegedly unconstitutional actions.  Defendant states that plaintiff can not show he suffered from objectively serious medical needs and that defendant actually knew of but deliberately disregarded those needs, citing Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000).  Defendant also states plaintiff does not show a determination by any medical official that he suffers from a serious medical condition or that he suffered any harmful effects from not receiving his medication.  Defendant provides copies of plaintiff's fifteen-page Jail medication schedule which shows that plaintiff received several medications on a consistent basis while incarcerated at the Jail for three months. DE #75, Ex. C.  Finally, defendant states plaintiff can not show that any failure to provide medication to him was a result of deliberate indifference by the defendant.

### B.  Plaintiff's Response

In his response, plaintiff states he "has stated his claim truthfully and exhausted remedys (sic) that apply and request this court to set these proceedings for trial."

### C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, although it is unclear whether plaintiff was incarcerated at the Jail as a pretrial detainee or a convicted inmate, the Constitutional standard is the same. See Johnson-El v. Schoemehl, 878 F.2d 1043 (8th Cir. 1989). That is, he must show that defendant was deliberately indifferent to a serious medical need, and that she knew of, and yet disregarded, an excessive risk of harm to his health and safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect

of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).

D.  Analysis

In support of her motion, defendant provides a portion of plaintiff's deposition testimony in which he states he was taking medications for depression and for degenerated discs in his back and when he did not receive his medication, he was in pain and depressed. DE #75, Ex. B. He also stated that after he was transferred to the ADC in April, 2008, his medications were sent back to the Jail and two different ADC doctors told him he no longer needed to take his medications. He stated that his failure to receive the medications at the Jail on a consistent basis damaged him "a little bit." Finally, in his deposition he could not say that defendant made any statements to him which would make him believe she purposefully withheld his medications.

The Court finds as a matter of law that these allegations fail to support a finding of deliberate indifference against defendant. As noted above, plaintiff does not provide proof that defendant acted with deliberate indifference, and he further provides no proof of a serious medical need, especially since the ADC discontinued his medications as soon as he arrived there. In addition, plaintiff fails to respond at all to the defendant's presentation of the Jail medication records as further evidence of his receipt of medications. Therefore, in light of the lack of evidence in support of his allegations, the Court will grant defendant's motion for summary judgment. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment (DE #74)

is hereby GRANTED.[2]

   IT IS SO ORDERED this 14th day of October, 2009.

                                   _____
                                   United States Magistrate Judge

---

[2] The sole remaining defendant in this case is Dr. Mocovich, who has not yet been served. By Order dated October 6, 2009, this Court noted the 120-day service requirement pursuant to Fed.R.Civ.P. 4(m), and provided plaintiff one final opportunity in which to provide a present address on defendant Mocovich. In light of such, the Court will not dismiss plaintiff's complaint at this time.