IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RUFFUS GRAY,
ADC #141375                                                                        PLAINTIFF

5:08CV00128JMM/JTK

CLARK COUNTY JAIL, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge James M. Moody.   Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding

and the evidence that supports your objection.  An original and one copy of your objections

must be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of the findings and recommendations.  The copy will be furnished

to the opposing party.   Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I.  Introduction

This matter is before the Court on the motion for summary judgment filed by defendant Dr. A. Moskovich (Doc. No. 96).   By Order dated March 2, 2010, this Court directed plaintiff to file a response to the motion within ten days of the date of the Order. At the time of that Order, this case was on appeal to the United States Court of Appeals for the Eighth Circuit.  Plaintiff's appeal was dismissed by Order and Judgment dated April 5, 2010, for lack of jurisdiction and as premature (Doc. No. 107).  By Order dated April 23, 2010, the Court again directed plaintiff to file a response to the summary judgment motion within fifteen days of the date of the Order (Doc. No. 110).  On May 12, 2010, plaintiff filed an addendum in another case in this Court, and such was directed to be filed in this case (Doc. No. 113).  As of this date, the Court has not received any further responses to the pending motion from the plaintiff.

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical and mental health needs while he was incarcerated at the Clark County Jail and the ADC.. The sole remaining claim in this case is plaintiff's claim against defendant Moscovich that defendant failed to provide him with proper medications for his lower back pain and other mental health conditions. Defendant is an employee of Correctional Medical Services, Inc. (CMS), the company which contracts with the ADC to provide medical care to the inmates. Plaintiff asks for monetary relief from defendant.

## II.  Summary Judgment Motion

A.  Defendant's Motion

In support of her motion, defendant Moscovich states plaintiff's claims against her should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Specifically, defendant states plaintiff has admitted that he did not file any grievances complaining about a lack of medication for his back pain, or a lack of medication for his mental health needs. In support, defendant submits portions of plaintiff's deposition in which he admits he did not file grievances about his mental health or medication issues. (Doc. No. 98, Ex. A) Therefore, defendant states plaintiff's claims against her should be dismissed.

B.  Plaintiff's Response

In the addendum plaintiff originally filed in <u>Gray v. Page, et al.</u>, 5:09cv00214BSM, plaintiff complains about the lack of medical and mental health care he received while incarcerated at the Clark County Jail.  However, the defendants in this case who were employed by the Clark County Jail have been dismissed from this lawsuit. (Doc. Nos. 62, 88)  Plaintiff does not mention his alleged lack of medical care at the ADC in the addendum, and plaintiff has filed no other responses to the defendant's motion, as directed by the Court's March 2, 2010 and April 23, 2010 Orders.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  <u>See  Dulaney v. Carnahan</u>, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  <u>Id</u>.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  In <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."

D.  Analysis

In this particular case, the Court finds no dispute of fact that plaintiff did not exhaust his administrative remedies, as required by the ADC grievance procedure and the PLRA.  In addition, the Court notes that plaintiff did not deny his failure to exhaust.  Therefore, the Court finds defendant's motion should be granted.   Accordingly,

IT IS, THEREFORE, ORDERED that the motion for summary judgment filed by

defendant Moskovich (Doc. No.  96) is GRANTED, and plaintiff's complaint is hereby

DISMISSED.

IT IS SO ORDERED this 9th day of June, 2010.


_____

United States Magistrate Judge